UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:14-cv-20574-UU

DAVID NEW,

    Plaintiff,

v.

LUCKY BRAND DUNGAREES STORES, INC.,

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss. D.E. 13.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed, and is ripe for determination.

The following are the facts as alleged and interpreted in the light most favorable to the plaintiff. Lucky Brand Dungarees Stores, Inc. ("Lucky Jeans") is a clothing company that has several retail outlets throughout the United States. *Complaint* at ¶ 3. Its stores make use of Point Of Sale Devices ("POS Devices") that require customers to enter their Personal Identification Numbers ("PINs") before making debit card purchases. *Id.* at ¶ 4. But because the touchscreen surfaces of the POS Devices are not tactilely discernible, blind customers cannot independently make debit card purchases. *Id.* at ¶¶ 3, 4. Instead, they must disclose their PINs to a Lucky Jeans employee who then completes the transaction. *Id.*

David New is a blind Florida resident who visited a Lucky Jeans store in Miami Beach, and was unable to independently make debit card purchases due to the design of the POS Device.

*Id.* at ¶¶ 7, 20–21. He intends to return to Lucky Jeans stores, and desires to make future payments by debit card. *Id.* at ¶ 7. For this reason, on February 14, 2014, he filed suit against Lucky Jeans seeking: (1) a declaration that Lucky Jeans's use of their POS Devices discriminates against the blind in violation of the American with Disabilities Act ("ADA"), and (2) an injunction enjoining Lucky Jeans from using POS Devices without tactilely discernible keypad surfaces. D.E. 1. Lucky Jeans now moves to dismiss the Complaint for lack of standing. D.E. 13.

A plaintiff has the burden of showing Article III standing in his complaint, and must allege: (1) an "injury in fact"; (2) a causal connection between the challenged conduct and the injury; and (3) a likelihood that the injury will be redressed by the relief sought. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Additionally, to establish standing to pursue injunctive relief, a plaintiff must plead a genuine threat of imminent future injury. *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000); *Lujan,* 504 U.S. at 560. Immediacy in this context is an elastic concept, and "means reasonably fixed and specific in time and not too far off." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1340 (11th Cir. 2013) (internal quotations omitted).

Here, Plaintiff has not adequately plead a risk of imminent future injury. The Complaint merely states that Plaintiff intends and desires to make future payments by debit card at Lucky Jeans stores. It thus fails to expressly identify a reasonably fixed period of time not too far off within which Plaintiff intends to visit a Lucky Jeans store. Nor does the Complaint taken as a whole imply such intent. For example, it contains no allegation that Plaintiff frequently shops at Lucky Jeans stores and that such stores are in close proximity to where he lives or in neighborhoods that he frequents. *Cf. Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229,

1242 (11th Cir. 2003) (noting that the plaintiffs frequently visited the park); *Houston*, 733 F.3d at 1340 (noting that the plaintiff lived approximately 30 miles from the store and drove by the store on a regular basis). Instead, the only allegations relevant to imminence are that Plaintiff: (1) lives somewhere within Florida; (2) at least once visited a Lucky Jeans store in Miami Beach; and (3) intends to purchase merchandise with a debit card at Lucky Jeans stores at some point in the future. But "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that [Article III] require[s]." *Lujan*, 504 U.S. at 564. To find otherwise would all but render the imminence requirement a nullity.

It is also worth noting that each of the cases cited by Plaintiff runs counter to his argument; in each of those cases, the plaintiff alleged an intent to return "in the near future." *See e.g.*, *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000). And though it may very well be that Plaintiff intends to visit a Lucky Jeans store "in the near future," and that he therefore has standing to bring this suit, he has the burden of pleading such intent. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion, (D.E. 13), is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an Amended Complaint by **Thursday, May 1, 2014**.

DONE AND ORDERED in Chambers at Miami, Florida, this _21st_ day of April, 2014.

*[signature]*
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf

-4-